# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-59-LRR |
| vs. | **ORDER** |
| MAURICE JONES, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matters before the court are the government's "Motion in Limine" (docket no. 26) and Defendant Maurice Jones's "Motion in Limine" (docket no. 25).

On March 9, 2011, the government filed a one-count Indictment (docket no. 2) against Defendant. The Indictment charges Defendant with knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. On April 16, 2012, the government filed its Motion in Limine. On the same date, Defendant filed his Motion in Limine. On April 23, 2012, the government filed a Resistance (docket no. 30) to Defendant's Motion in Limine. On April 25, 2012, Defendant filed a Resistance (docket no. 31) to the government's Motion in Limine. The matters are fully submitted and ready for decision.

## *II. GOVERNMENT'S MOTION IN LIMINE*

In its Motion in Limine, the government asks the court to prohibit "any discussion or presentation of evidence before the jury of the applicable statutory penalties should defendant be convicted." Government's Motion in Limine at 1. The government argues that information regarding statutory penalties is not appropriate for the jury.

In his Resistance, Defendant states that his testimony at trial will differ from his initial statements to police because he was originally attempting to protect another individual, and he decided to stop protecting the other individual when he discovered that, if convicted, he may be subject to a fifteen-year mandatory minimum. Defendant argues that the court should allow him to testify about the statutory penalties he is facing to explain why his testimony differs from his initial statements to police. Defendant also argues that the Sixth Amendment requires that the court instruct the jury on the mandatory minimum that Defendant is facing.

The Eighth Circuit Court of Appeals has repeatedly held that juries should not be informed of the sentence a defendant faces if convicted. "'[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.'" *United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010) (quoting *Shannon v. United States*, 512 U.S. 573, 579 (1994)), *cert. denied*, 131 S. Ct. 1805 (2011). "[S]entencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide. To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it." *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990); *see also United States v. Briscoe*, 574 F.2d 406, 408 (8th Cir. 1978) (per curiam) ("The penalty to be imposed upon a convicted defendant is generally not a matter for the jury, and it is proper to caution the jury against any consideration of possible punishment in their deliberations.").

In *Shannon*, the United States Supreme Court held that it was not necessary for the court to instruct the jury on the applicable penalties involved in the case, because the jury should "'reach its verdict without regard to what sentence might be imposed.'" 512 U.S. at 579 (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). The Court went on to acknowledge that an instruction regarding penalties may be necessary under "certain

limited circumstances," such as when an attorney misstates the law in front of the jury. *Id.* at 587.

The facts of this case do not present the limited circumstances that would override the general prohibition against informing the jury of the consequences of a guilty verdict. Thus, the court finds that Defendant may not testify about the specific statutory penalties he is facing. Furthermore, the court finds that allowing Defendant to testify that his testimony differs from his initial statements because he discovered that he is facing a sentence that is substantially or significantly higher than he originally thought is sufficient to address Defendant's credibility concerns.

In regards to Defendant's second argument that the Sixth Amendment requires the court to instruct the jury regarding the mandatory minimum sentence that Defendant may be subject to, the Eighth Circuit Court of Appeals has already rejected a similar argument in an unpublished decision. *See United States v. Henry*, 403 F. App'x 137, 138 (8th Cir. 2010) (rejecting Sixth Amendment argument), *cert. denied*, 131 S. Ct. 2977 (2011). The cases Defendant cites in support of his argument are not controlling in this jurisdiction, and the court finds that Defendant has not shown that failing to instruct the jury on the applicable mandatory minimum will violate his Sixth Amendment rights. Even if the fact that Defendant is facing a fifteen-year mandatory minimum has some probative value, such probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 403.

Because evidence of the applicable statutory penalties is not appropriate for the jury, the court shall grant the government's Motion in Limine. Defendant may testify that he is facing a substantial or significant sentence to explain why his testimony is different than his initial statements. Defendant may not, however, testify regarding the specific penalties he faces, including the fact that he may be subject to a fifteen-year mandatory minimum.

## III. DEFENDANT'S MOTION IN LIMINE

In his Motion in Limine, Defendant requests that the court exclude: (1) references to Defendant's prior Iowa criminal charges or convictions, and (2) out-of-court statements made by Michael Johnson, Gregory Hollie and Christopher Pearson.

In its Resistance, the government states: (1) it is not planning to present evidence of Defendant's prior Iowa criminal charges or convictions, and (2) it is planning to present the witnesses' out-of-court statements to explain the actions taken by the witnesses and not for the truth of the matters asserted.

### A. *Prior criminal history*

First, Defendant requests that the court exclude any references to "Defendant's prior criminal charges or convictions pursuant to Rules of Evidence 403, 404(b) or 609." Defendant's Motion in Limine at 1. Defendant specifically requests that the court prohibit references to his Iowa misdemeanor convictions for assault and theft. Defendant also notes that he is not asking the court to exclude evidence of his prior Illinois convictions set forth in the Indictment.

The government states that it does not intend to introduce evidence of Defendant's prior Iowa misdemeanor convictions. Because the government will not be presenting this evidence at trial, the court shall grant Defendant's Motion in Limine to the extent it seeks to exclude evidence of Defendant's prior Iowa misdemeanor convictions.

### B. *Hearsay statements*

Second, Defendant requests that the court exclude any out-of-court statements made by Michael Johnson, Gregory Hollie and Christopher Pearson. The government states that it "does not intend to offer inadmissible hearsay statements." Memorandum Re: Government's Resistance to Defendant's Motion in Limine (docket no. 30-1) at 1. However, the government states that it "may offer statements made by others, not for the truth of the matter asserted, but to explain the actions taken by witnesses." *Id.* at 2. The

4

court finds that it does not have enough information to make a ruling on this issue. Thus, the court shall deny Defendant's Motion in Limine to the extent it seeks to exclude out-of-court statements by Michael Johnson, Gregory Hollie and Christopher Pearson. Defendant is free to object to particular statements at the appropriate time during trial.

### *IV. CONCLUSION*

In light of the foregoing, the court **HEREBY ORDERS**:

(1)  The government's Motion in Limine (docket no. 26) is **GRANTED**;

(2)  Defendant's Motion in Limine (docket no. 25) is **GRANTED IN PART** and **DENIED IN PART**; and

(3)  The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**DATED** this 1st day of May, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA